MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR.*
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
KATHLEEN M. McDOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
JEROME C. ROTH
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
BRETT J. RODDA*
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
ROSEMARIE T. RING
MELINDA EADES LeMOINE
SETH GOLDMAN

GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
MATTHEW A. MACDONALD
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG*
MARK R. YOHALEM
GINGER D. ANDERS*
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
GEORGE CLAYTON FATHEREE, III
KELLY L.C. KRIEBS
JEREMY A. LAWRENCE
LAURA K. LIN
ACHYUT J. PHADKE
ZACHARY M. BRIERS
JENNIFER M. BRODER
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
ERIC P. TUTTLE
JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
DAVID S. HONG
JONATHAN KRAVIS*
WESLEY T.L. BURRELL
KAREN A. LORANG
CRAIG JENNINGS LAVOIE
ADAM P. BARRY
JENNIFER L. BRYANT
ANDREW CATH RUBENSTEIN
NICHOLAS D. FRAM
JOHN L. SCHWAB
ASHLEY D. KAPLAN

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

601 MASSACHUSETTS AVE. NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
EMILY CURRAN-HUBERTY
JORDAN X. NAVARRETTE
JOHN B. MAJOR
LAUREN C. BARNETT
C. HUNTER HAYES
TREVOR N. TEMPLETON
SKYLAR B. GROVE
ELIZABETH R. DYER
SARAH S. LEE
LAURA M. LOPEZ
MICHAEL C. BAKER
ADELE M. EL-KHOURI*
COLIN A. DEVINE
DANE P. SHIKMAN
LEXI PEACOCK
MAGGIE THOMPSON
SAMUEL H. ALLEN
ALLISON M. DAY
JONATHAN S. MELTZER*
LAUREN M. HARDING
NEFI D. ACOSTA
STEPHANIE G. HERRERA
TERESA REED DIPPO
DANIEL BENYAMIN
SARA A. MCDERMOTT
J. MAX ROSEN
RACHEL G. MILLER-ZIEGLER*
ALISON F. KAROL SIGURÐSSON
ANNE K. CONLEY
KATHERINE G. INCANTALUPO
DAVID P. THORESON
NICHOLAS M. AXELROD
DAVID W. MORESHEAD
ANDRE W. BREWSTER III
TERRA D. LAUGHTON
ROWLEY J. RICE
JEREMY S. KREISBERG*
JOHN D. MAHER
GINA F. ELLIOTT
BRANDON R. TEACHOUT
SEGUN I. BABATUNDE II
CARSON C. ZHENG
LUCAS J. ARTAIZ
USHA CHILUKURI VANCE

BRIAN J. SPRINGER
TYLER HILTON
VINCENT LING
ALEXANDER S. GORIN
BRENDAN GANTS*
MARKUS BRAZILL
MARI T. SAIGAL
LAUREN E. ROSS*
ZOE BEDELL*
BENJAMIN G. BAROKH
ABE DYK
MICHELE C. NIELSEN
APRIL YOUPEE-ROLL
COBUS VAN DER VEN*
MARIANNA MAO
MEGAN MCCREADIE
OMAR H. NOURELDIN
STEPHEN HYLAS
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
LLOYD MARSHALL
NATALIE KARL
BRANDON MARTINEZ
ANTHONY J. RAMIREZ
ANDREW LEWIS
CARRIE C. LITTEN
BEAU C. TREMITIERE
ESTALYN S. MARQUIS
JAMES R. SALZMANN
ELIZABETH DOUGLAS
SAMIR HALAWI
ROBIN S. GRAY

OF COUNSEL

ROBERT K. JOHNSON
PATRICK J. CAFFERTY, JR.
PETER A. DETRE
BRAD SCHNEIDER
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI
ADAM R. LAWTON
MATTHEW S. SCHONHOLZ
MICHAEL E. GREANEY

E. LEROY TOLLES
(1922-2008)

*ADMITTED IN DC,
ALL OTHERS ADMITTED IN CA

December 15, 2020

Writer's Direct Contact
(415) 512-4011
(415) 644-6911 FAX
jonathan.blavin@mto.com

**VIA ECF**

Molly C. Dwyer
Clerk of the Court
Ninth Circuit Court of Appeals
The James Browning Courthouse
95 7th Street
San Francisco, California 94103

> Re: *Lemmon, et al. v. Snap Inc.*, Case No. 20-55295
> Notice of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j)—*J.B. v. G6 Hospitality, LLC*, No. 19-cv-07848-HSG, 2020 WL 7260057 (N.D. Cal. Dec. 10, 2020).

Dear Ms. Dwyer:

Pursuant to Rule 28(j), Snap Inc. submits *J.B. v. G6 Hospitality, LLC*, 2020 WL 7260057 (N.D. Cal. Dec. 10, 2020).

In *J.B.*, a sex-trafficking victim sued Craigslist for facilitating sex trafficking because her traffickers allegedly advertised on Craigslist. The district court dismissed her claims on CDA grounds because she sought to hold Craigslist liable for its role as a publisher of third-party content.

The plaintiff then moved for reconsideration, arguing that Justice Thomas's statement regarding the denial of certiorari in *Malwarebytes, Inc. v. Enigma Software Group USA, LLC*,

MUNGER, TOLLES & OLSON LLP

Molly C. Dwyer, Clerk of Court
December 15, 2020
Page 2

2020 WL 6037214, at *2 (Oct. 13, 2020), constituted an intervening change in law. *J.B.*, 2020 WL 7260057, at *1. The court rejected her argument. It held that Justice Thomas's statement was non-precedential and did "not qualify as a change in or clarification of controlling law." *Id.*; *see Planned Parenthood of S. Arizona v. Lawall*, 180 F.3d 1022, 1025 n.3 (9th Cir. 1999) (same).

Similarly here, Plaintiffs in their reply rely on Justice Thomas's statement from *Malwarebytes*, and specifically, its reference to the district court's decision in this case. 2020 WL 6037214, at *5. But Justice Thomas's statement is non-precedential and does not change the law. Rather, the statement reflects Justice Thomas's apparent disagreement with CDA precedent as it currently stands, including several Ninth Circuit decisions, *id.* at *4 (questioning *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1105 (9th Cir. 2009) and *Sikhs for Justice, Inc. v. Facebook, Inc.*, 697 F. App'x 526 (9th Cir. 2017)), as well as other cases in which the Supreme Court *denied certiorari*, including a similar case where the Second Circuit held that the CDA barred a "design defect claim" against an app maker, *id.* at *5 (citing *Herrick v. Grindr LLC*, 765 F. App'x 586, 589, 591 (2d Cir. 2019), *cert. denied*, 589 U. S. —, 140 S. Ct. 221 (2019) (CDA barred claims that app was "defectively designed and manufactured because it lack[ed] safety features to prevent . . . dangerous conduct")).

*J.B.* thus demonstrates that Justice Thomas's statement did not alter CDA law and that Plaintiffs' claim was properly dismissed on CDA grounds.

Respectfully submitted,

*/s/ Jonathan H. Blavin*

Jonathan H. Blavin

Enclosure: *J.B. v. G6 Hospitality, LLC*, 2020 WL 7260057 (N.D. Cal. Dec. 10, 2020).

cc: All counsel via ECF

2020 WL 7260057
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

J. B., Plaintiff,
v.
G6 HOSPITALITY, LLC, et al., Defendants.

Case No. 19-cv-07848-HSG
|
12/10/2020

HAYWOOD S. GILLIAM, JR., United States District Judge

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** Re: Dkt. No. 156

*1 Plaintiff J.B. ("Plaintiff") has filed a motion for leave to file a motion for reconsideration, Dkt. No. 156 ("Mot."), of the Court's August 20, 2020, Order Granting Motions to Dismiss. *See* Dkt. No. 132 ("Order"). Having considered Plaintiff's motion, the Court **DENIES** it.

The Court will not repeat the full underlying facts and procedural posture of this motion, but instead refers the parties to its previous Order. *See* Order. Plaintiffs seeks reconsideration of "the portion of the Order finding that Defendant Craigslist qualifies for immunity under Communications Decency Act Section 230(c) and dismissing Plaintiff's state law claims against Craigslist without leave to amend." Mot. at 1.

Civil Local Rule 7-9 allows a party to seek reconsideration on the following bases:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). First, Plaintiff seemingly argues that reconsideration is warranted on the second basis because subsequent Supreme Court authority "supports the conclusion that Section 230 immunity does not apply to Craigslist." Mot. at 4. The Court rejects this argument, as the authority cited does not qualify as a change in or clarification of controlling law. Plaintiff contends that "the Supreme Court recently confirmed that the originally intended scope of Section 230 is 'a far cry from what has prevailed in court,' and implored lower courts to stop 'reading extra immunity into statutes where it does not belong.' " Mot. at 1 (citing *Malwarebytes, Inc. v. Enigma Software Group USA, LLC*, No. 19-1284, 2020 WL 6037214, at *2 (Oct. 13, 2020)). Plaintiff effectively acknowledges that her argument falls short under Local Rule 7-9(b)(2). *See* Mot. at 6 ("To the extent this Court finds Justice Thomas's warning instructive, then, it would be difficult to argue that it does not apply to this case.")

More importantly, Plaintiff failed to provide important context in her motion, namely that the Supreme Court *denied* certiorari in *Malwarebytes*, and that the only certiorari-stage explanatory writing came from Justice Thomas, who *agreed* with the decision to deny certiorari. *See* 2020 WL 6037214, at *1. Justice Thomas wrote separately to "explain why, in an appropriate case, [the Supreme Court] should consider whether the text of [47 U.S.C. § 230] aligns with the current state of immunity enjoyed by Internet platforms." *Id.* Justice Thomas expressly indicated that the Court "need not decide [ ] the correct interpretation of" the Act, and simply stated his opinion that it should do so in the appropriate case. *Id.* at *5. This is far from showing a change in or clarification of controlling law meriting reconsideration.

*2 Second, Plaintiff argues that reconsideration is warranted because the Court issued its Order "without the benefit of robust briefing on this issue" and requests that the Court "at least entertain complete briefing on whether Plaintiff's new allegations warrant just discovery into whether Craigslist can properly assert immunity here." Mot. at 7. The Court first notes that this second argument does not satisfy any of the requirements of Civil Local Rule 7-9. Plaintiff cites a series of cases indicating that courts may reconsider an order "for any reason it deems sufficient." *See* Mot. at 4 (citing *In re Intuitive Surgical Sec. Litig.*, No. 13-01920, 2014 WL 7146215, at *2 (N.D. Cal. Dec. 15, 2014) (quoting *Abada v. Charles Schwab & Co., Inc.,* 127 F. Supp. 2d 1101, 1102

(S.D. Cal. 2000)). But finding no sufficient reason to allow for further briefing, the Court declines to do so here. In support of this second argument, *see* Mot. at 6, Plaintiff cites a district court case from Washington that concluded § 230(c) does not bar state law claims against Craigslist. *See M.L. v. craigslist Inc.*, No. C19-6153 BHS-TLF, 2020 WL 5494903, at *4 (W.D. Wash. Sept. 11, 2020). Plaintiff notes that in this case the Court "conclude[d] that Plaintiff 'pled no facts to support' the argument that Craigslist does not satisfy the Section 230 immunity criteria, ...but nevertheless dismissed Plaintiff's state law claims against Craigslist without leave to amend." Mot. at 6 (citing Order at *11). And Plaintiff argues that her "amended allegations extend far beyond those found to be sufficient" in *M.L.* Mot. at 6. The Court finds that nothing in *M.L.*, which is not controlling authority, warrants reconsideration.

Because Plaintiff fails to show that reconsideration is appropriate based on either of her arguments, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: 12/10/2020

HAYWOOD S. GILLIAM, JR.

United States District Judge

**All Citations**

Slip Copy, 2020 WL 7260057

---

**End of Document**　　　　　© 2020 Thomson Reuters. No claim to original U.S. Government Works.